# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

YVONNE APODACA, on behalf of herself
and all others similarly situated,

      Plaintiff,

      vs.                                   1:18-cv-00399-RB-JHR

YOUNG AMERICA INSURANCE COMPANY,
LOYA INSURANCE COMPANY, and
EP LOYA GROUP, LP,

      Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Defendants' Motion to Dismiss Counts IV and V of Plaintiff's Second Amended Complaint and all Claims Against Defendants EP Loya Group, LP and Loya Insurance Company, filed April 5, 2019. (Doc. 33.)

In this putative class action, Ms. Apodaca (Plaintiff) alleges that Defendants misrepresented the terms of her underinsured motorist coverage. Defendants argue that Plaintiff does not have standing to bring suit against either Loya Insurance Company (Loya) or EP Loya Group, LP (EP Loya), and that she has otherwise failed to state a claim as to Counts IV and V. (Doc. 33.) For the reasons stated below, the Court **GRANTS IN PART** Defendants' Motion and **DISMISSES** all claims against Loya and EP Loya. However, the remaining requests for relief by Defendant Young America Insurance Company (Young America) are **DENIED WITHOUT PREJUDICE.** Finally, the Court *sua sponte* **STAYS** this case pending an answer by the New Mexico Supreme Court to the question certified in *Crutcher v. Liberty Mutual Insurance Co.*, 1:18-cv-412 JCH/LF (D.N.M.).

## I. Background

Plaintiff sustained bodily injuries and damages to her car in an automobile accident with Mr. Ben Shriver. (Doc. 30 ¶ 17.) Mr. Shriver was at fault for the accident. (*Id.* ¶ 19.) Plaintiff was covered by an auto insurance policy issued by Young America. (*Id.* ¶ 5.) Plaintiff carried insurance at New Mexico's minimum amounts, which provide bodily injury coverage of $25,000 per person and $50,000 per accident. (*Id.* ¶¶ 26, 27, 32.) She also purchased uninsured/underinsured (UM/UIM) motorist coverage in the same amounts. (*Id.* ¶ 27.)

Plaintiff received the full amount ($25,000) of liability coverage carried by Mr. Shriver. (*Id.* ¶ 26.) Plaintiff filed a claim with Young America for coverage under her own UM/UIM policy, but Young America denied her underinsured motorist claim. (*Id.* ¶ 43.) Young America stated that it was entitled to a full offset of Mr. Shriver's policy payments. (*Id.* ¶ 47.) Plaintiff alleges that Young America told her she would receive a benefit from her underinsured motorist coverage, but in fact her underinsured coverage was useless or illusory. (*Id.* ¶¶ 36, 44, 94.)

Defendants filed a motion to dismiss for failure to state a claim. (Doc. 14.) The Court granted the motion in part, dismissing all claims against EP Loya and Loya, and Counts IV and V against Young America. (Doc. 27.) However, the Court granted Plaintiff leave to amend her complaint. (*Id.* at 17.) Plaintiff timely filed a Second Amended Complaint. (Doc. 30.) Defendants now argue that Plaintiff failed to cure the defects in her complaint and ask the Court to dismiss Counts IV and V against Young America and all claims against EP Loya and Loya.

## II. Legal Standard

The parties proceed under Federal Rule of Civil Procedure 12(b)(6). In reviewing a motion to dismiss under Rule 12(b)(6), the Court "must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." *In re Gold*

*Res. Corp. Sec. Litig.*, 776 F.3d 1103, 1108 (10th Cir. 2015) (citation omitted). "To survive a motion to dismiss," the complaint does not need to contain "detailed factual allegations," but it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Plausibility does not equate to probability, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556).

## III. Analysis

### A. Plaintiff fails to state a claim against Loya and EP Loya.

Defendants argue that Plaintiff lacks standing to sue Loya and EP Loya. Plaintiff argues that she has standing to sue because Defendants are involved in a joint venture.

"In New Mexico, a party may be liable for the negligence of its joint venturers." *MS through Harris v. E. N.M. Mental Retardation Servs.*, No. CIV 13-628 RB-GBW, 2015 WL 13662789, at *15 (D.N.M. June 16, 2015) (citing *Schall v. Mondragon*, 393 P.2d 457, 460 (N.M. 1964)).

> A joint venture exists when two or more parties (1) enter into an agreement, (2) to combine their money, property or time in the conduct of some particular business deal, (3) agree to share in the profits and losses of the venture jointly, and (4) have the right of mutual control over the subject matter of the enterprise or over the property.

*Wilger Enters., Inc. v. Broadway Vista Partners*, 115 P.3d 822, 824–25 (N.M. Ct. App. 2005) (quotation omitted); *Lightsey v. Marshall*, 128 N.M. 353, 356 (1999).

While Rule 12(b)(6) does not require Plaintiff to establish each element of her joint venture claim "at this stage of the litigation, reference to these elements is 'help[ful] to determine whether

3

[she has] set forth a plausible claim.'" *Hitch Enters., Inc. v. Cimarex Energy Co.*, 859 F. Supp. 2d 1249, 1266 (W.D. Okla. 2012) (quoting *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012) (internal citations omitted)).

The Court previously dismissed Loya and EP Loya, with leave to amend, because Plaintiff failed to assert any facts whatsoever that they were part of a joint venture with Young America. (Doc. 27 at 7–8.) Plaintiff alleges that Young America is wholly owned by EP Loya Group. (Doc. 30 ¶ 8.) Fredloya.com lists "Young America Insurance and "Loya Insurance Company" as related companies. (Doc. 30 ¶ 11.) It appears that Plaintiff made the following additional allegations in her amended complaint:

- Young America's website states that it is "part of Fred Loya [Insurance and] has more than 500 agencies all across Texas, California, *New Mexico*, Colorado Georgia, Nevada, Indiana, Alabama, and Arizona." (Doc. 30 ¶¶ 9, 11.)
- The Fredloya.com website lists Young America and Loya as related companies. (*Id.* ¶ 10.)
- Young America shares the same address as its parent company, EP Loya. (*Id.* ¶ 12.)
- Customers seeking an insurance quote on Young America's website receive a "Fred Loya Quote." (*Id.* ¶ 10.)
- Defendants are represented by the same legal counsel. (*Id.* ¶ 14.)
- Young America's corporate disclosure statement filed in this action provides that Loya and EP Loya are "other legal entities which are financially interested in the outcome of this case." (*Id.* ¶ 13.)

Plaintiff alleges that the Defendants are all financially interested in the case. However, Plaintiff has failed to allege any facts suggesting that the three Defendants enjoyed a mutual right of control, a right to share in profits, or a duty to share in losses. None of these allegations tend to show that EP Loya or Loya were co-insurers with Young America. There is no allegation that EP Loya or Loya control the claim determination process. *See Dellaira v. Farmers Ins. Exch.*, 102 P.3d 111, 115 (N.M. Ct. App. 2004).

Otherwise, Plaintiff summarily argues that Defendants operated a joint venture (Doc. 30 at ¶ 14), but did not allege facts to support a plausible claim. Rather, Plaintiff alleges that Young

4

America is a subsidiary of or related company to EP Loya or Loya. Generally, a claim against a mere subsidiary does not by itself confer standing to file a claim against the parent company. *See Scott v. AZL Res., Inc.*, 753 P.2d 897, 900 (N.M. 1988) ("Only under special circumstances will the courts disregard the corporate entity to pierce the corporate veil holding individual shareholders or a parent corporation liable."). Therefore, the Court concludes that Plaintiff failed to plausibly allege that Defendants formed a joint venture. *See, e.g.*, *U-Haul Int'l, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, No. CV-10-1047-PHX-SMM, 2011 WL 9111, *4 (D. Ariz. Jan. 3, 2011) ("Plaintiff's Complaint . . . does not allege that AIG, Inc. itself marketed or administered the Plaintiff's [insurance] policy, collected premiums, or participated in the claim decisions that led to this lawsuit in a manner that would support a claim against AIG, Inc. under any applicable theory of parent corporation liability[,]" including joint venture; "references to AIG, Inc. in the policy do not transform AIG, Inc. into the insurer or otherwise support a plausible claim against AIG, Inc.") (internal citation and quotation marks omitted); *Rainbow Sandals, Inc. v. Liberty Mut. Ins. Co.*, No.: SACV 14-01665-JLS (DFMx), 2015 WL 12697655, *4 (C.D. Cal. Mar. 11, 2015) ("Plaintiff again has failed to allege facts that show that Defendants have expressly or implicitly entered into a joint venture with one another. The FAC contains no allegations that any of the Defendants intended to be partners, that they shared profits or losses beyond the payment of incentives, or that they exercised equal authority and control over the conduct of any other Defendant.").

    **B.**    **Young America's Motion to Dismiss is Denied Without Prejudice and this case is STAYED pending resolution of the Certified Question.**

Young America moves to dismiss Plaintiff's breach of contract claim (Count IV) and Covenant of Good Faith and Fair Dealing claim (Count V). (Doc. 33.) Plaintiff asserts in her amended complaint that the insurance policy is ambiguous and the underinsured motorist coverage is illusory. (Doc. 30 ¶¶ 36, 38, 94, 101(b).)

5

There are now multiple putative class actions in this district asserting similar claims against various insurers. *See Martinez v. Progressive Preferred Ins. Co.*, 1:19-cv-00004 JHR/KK; *Palmer v. State Farm Mut. Auto. Ins. Co.*, 1:19-cv-00301; *Bhasker v. Kemper*, No. 1:17-cv-00260; *Thaxton v. GEICO*, No. 18-cv-306 MV-KK; *Schwartz v. State Farm Mut. Auto. Ins. Co.*, 1:18-cv-00328-WJ-SCY; *Crutcher v. Liberty Mut. Ins. Co.*, No. 1:18-cv-00412-JCH-LF; *Belanger v. Allstate Ins. Co.*, 1:19-cv-317 WJ-SCY.

In *Crutcher*, United States District Judge Judith Herrera certified, and the New Mexico Supreme Court accepted, the following question:

> Under N.M. Stat. Ann. § 66-5-301, is underinsured motorist coverage on a policy that offers only minimum UM/UIM limits of $25,000 per person/$50,000 per accident illusory for an insured who sustains more than $25,000 in damages caused by a minimally insured tortfeasor because of the offset recognized in *Schmick v. State Farm Mutual Automobile Insurance Company*, and, if so, may insurers charge a premium for that non-accessible underinsured motorist coverage?

1:18-cv-412, Doc. 53 at 8, Certification Order to the N.M. Supreme Ct. (D.N.M. Jan. 9, 2019) (the "certified question").

Here, Plaintiff pled that a breach of contract claim arose because Young America sold her illusory insurance. She also alleges that the underinsured motorist coverage was ambiguous and failed to explain that it would provide no coverage. Therefore, she appears to argue that the contract should be construed against the insurer to provide for coverage. Moreover, she argues it would be a violation of the covenant of good faith and fair dealing for Defendant to charge a premium for coverage that does not exist. An answer to Judge Herrera's certified question may resolve substantial issues in this case, including these claims for breach of contract and good faith and fair dealing. *See id.* at 8 ("is underinsured motorist coverage on a policy that offers only minimum UM/UIM limits illusory … and if so, may insurers charge a premium for that non-accessible underinsured motorist coverage?").

Therefore, the Court will deny without prejudice Young America's remaining grounds for dismissal pending the New Mexico Supreme Court's answer to the certified question. *See, e.g.*, *Martinez*, 1:19-cv-00004 JHR-KK, (Doc. 38) (denying motion to dismiss without prejudice and staying case pending an answer to the certified question by the New Mexico Supreme Court); *Schwartz*, 1:18-cv-00328-WJ-SCY (same).

If the Court were to proceed now, it risks ruling in a manner contrary to the New Mexico Supreme Court. Proceeding now would also waste both the parties' and the Court's resources while a potentially dispositive answer by the New Mexico Supreme Court is pending. Finally, the current briefing on the motions to dismiss will be out of date once the New Mexico Supreme Court answers the certified question, and the Court would likely benefit from the parties' interpretation of the New Mexico Supreme Court's answer.

For these reasons, the Court will also **STAY** this case pending resolution of the certified question. Six out of seven of the related putative class actions in this district have been stayed pending the New Mexico Supreme Court's answer to the certified question in *Crutcher*. *But see Bhasker*, No. 1:17-cv-00260 (case not stayed).

## IV. Conclusion

For the reasons stated in this Opinion, the Court will dismiss all of Plaintiff's claims against Loya and EP Loya. However, the Court declines to rule on Young America's Motion to Dismiss the Breach of Contract (Count IV) and the Covenant of Good Faith and Fair Dealing (Count V) claims until the New Mexico Supreme Court answers the question certified in *Crutcher*, 1:18-cv-412. The Court will also **STAY** this case until an answer to the certified question is provided.

**THEREFORE,**

**IT IS ORDERED** that the Motion of Defendants to Dismiss Plaintiff's Second Amended Complaint (Doc. 33) is **GRANTED IN PART** as described in this Opinion;

**IT IS FURTHER ORDERED** that all claims against Defendants EP Loya and Loya are **DISMISSED**;

**IT IS FURTHER ORDERED** that Defendant Young America's requested relief is **DENIED WITHOUT PREJUDICE**;

**IT IS FURTHER ORDERED** that this case is **STAYED** pending the New Mexico Supreme Court's answer to the question certified by Judge Herrera in *Crutcher*;

**IT IS FINALLY ORDERED** that the parties shall, within 14 days of the date that the New Mexico Supreme Court answers the certified question, file a status report with the Court.

**ROBERT C. BRACK**
**SENIOR U.S. DISTRICT JUDGE**